ELIZABETH MacPHERSON, PROSECUTOR-APPELLANT, v. STATE BOARD OF TAX APPEALS AND THE CITY OF JERSEY CITY, RESPONDENTS-APPELLEES.

Argued October 24, 1941—Decided January 9, 1942.

For the prosecutor-appellant, *Louis Scherzer* (*Meyer Pesin,* of counsel).

For the respondents-appellees, *James A. Hamill* (*Frank P. McCarthy,* of counsel).

The opinion of the court was delivered by

COLIE, J. Elizabeth MacPherson, administratrix *cum testamento annexo* of the estate of Genevieve Clark Berwick appeals from a judgment of the Supreme Court dismissing a writ of *certiorari* seeking to review a tax assessment levied by the City of Jersey City on personal property in her possession. Appellant's decedent died September 24th, 1938, a resident of Jersey City. On October 1st, 1938, there were four bank accounts, totaling $20,478.41, all the banks being located in Jersey City. In February, 1939, the city assessed a personal property tax against the estate on a valuation of $15,000. The taxpayer appealed to the State Board of Tax Appeals which affirmed the Hudson County Board. Thereupon she applied for and a writ of *certiorari* was allowed with leave to take depositions. The depositions disclose that on January 30th, 1939, the taxpayer sent to the Board of Tax Commissioners of the city, her affidavit setting forth personal assets of the estate totaling $20,573.41 made up of the bank accounts mentioned above and an item of jewelry valued at $95. The affidavit also listed debts of the estate totaling $4,808.07. It should be pointed out that the affidavit was filed in response to a letter from the Board of Tax Commissioners of the city, which reads in part:

"In òrder that a fair tax may be levied on this estate, you are notified to submit a statement of all the personal property, tangible and intangible, with valuations as of October 1st, 1938. The statement should be in our hands on or before February 6th, 1939.

"Failure to comply with this request, will make it necessary for us to avail ourselves of the provisions under Title 54 of the Revised Statutes of 1937, which provide, that in the absence of a statement of the assets by the responsible parties, the assessor may levy an assessment which he believes to be the highest value."

The statute then in effect and upon which the appellant bases her argument for reversal, *R. S.* 54:4-3.23, as amended by chapter 390 of the laws of 1938, reads: "Cash on hand or on deposit and loans on collateral of savings banks, mutual

savings banks and institutions for savings organized under the laws of this state and moneys, of any person, firm, association or corporation individually or in a fiduciary capacity, or to the credit of any person, firm, association or corporation individually or in any fiduciary capacity with any bank, trust company, national bank or savings bank doing business in this state shall be exempt from taxation under this chapter."

It is urged that to avail herself of the exemption provided for in the statute above quoted that it is an indispensable prerequisite that the taxpayer file a sworn claim for such exemption as provided for in *R. S.* 54:4-15 which provides: "No deductions for debt shall be allowed from the assessed value of tangible goods and chattels in which the value inheres in and is supported by the thing or article itself. No allowance or deduction shall be made for personal property or securities claimed to be exempt from taxation, unless a sworn claim therefor shall be made, setting forth a detailed list of the securities and personal property claimed to be exempt, the dates when they were purchased, and that they were not purchased with intent to escape taxation. No mortgage on personal property, or on both personal and real property, or the debts secured by the mortgage, shall be assessed for taxation unless a deduction therefor shall have been claimed by the owner of the mortgaged property and allowed by the assessor. The governing body of a taxing district may regulate and fix the time within which statements of taxable property shall be made and delivered to the assessors."

That the last quoted statute has no application to bank accounts will be evident from an examination of its provisions, particularly the sentence reading: "No allowance or deduction shall be made for personal property or securities claimed to be exempt from taxation, unless a sworn statement thereof shall be made, *setting forth a detailed list of the securities and personal property claimed to be exempt, the dates when they were purchased, and that they were not purchased with intent to escape taxation.*" Any doubt is set at rest as to whether the legislature meant to include bank accounts in the "securities" and "personal property" by the requirement that the taxpayer furnish "the dates when they were purchased,

and that they were not purchased with intent to escape taxation." Obviously it is impossible to set forth the date when a bank account is purchased because it is ordinarily not purchased. It is axiomatic that in construing a statute it must, if possible, be construed in its entirety and following this precept leads to the conclusion that the requirements of *R. S.* 54:4-15 do not apply to the bank accounts, which by the clear intent of *R. S.* 54:4-3.23 are exempt.

The judgment of the Supreme Court dismissing the writ of *certiorari* is reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Case, Donges, Heher, Colie, Dear, Wells, WolfsKeil, Rafferty, Hague, Thompson, JJ. 13.